ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| | | |
|---|---|---|
| JOSÉ RIVERA RUIZ, su esposa SINDY A. RIVERA TORRES, por sí y en representación de la sociedad legal de bienes gananciales compuesta por ambos, al igual que en representación de la acción heredada de su hijo fallecido, JOSÉ RIVERA RIVERA; MÓNICA RIVERA RIVERA; SINDI JOE RIVERA RIVERA,<br><br>Recurrida,<br><br>v.<br><br>**MULTINATIONAL INSURANCE COMPANY**; JOSÉ ENRIQUE MARTÍNEZ RIVERA; JUDIBELLE RIVERA DE JESÚS, su esposo JOSÉ E. MARTÍNEZ CAMPOS y la sociedad legal de bienes gananciales compuesta por ambos; 4 POINT INSURANCE, CSP; FULANO DE TAL; SUTANO DEL CUAL; MENGANO DEL CUAL; COMPAÑÍAS ASEGURADORAS A, B, C,<br><br>Peticionaria. | TA2026CE00641 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez.<br><br>Civil núm.: MZ2025CV00192 cons. con MZ2025CV02017.<br><br>Sobre: accidente de tránsito. |

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 8 de junio de 2026.

En este recurso, la parte peticionaria, Multinational Insurance Company (MIC), solicita que revisemos parcialmente la *Orden de Consolidación* dictada por el foro primario el 6 de marzo de 2026. En ella, el tribunal acogió la solicitud de consolidación presentada por MIC, y ordenó la consolidación del caso civil núm. MZ2025CV02017, con el de mayor antigüedad, el caso civil núm. MZ2025CV00192. No obstante, en cuanto a la solicitud para que se consolidara también el caso civil núm.

PO2025CV03496, instado en la Sala Superior de Ponce, con los del título, el foro primario denegó dicha solicitud, pues concluyó que "la controversia planteada es distinta, por lo que no se trata de la misma causa de acción".

Inconforme, MIC instó este recurso el 19 de mayo de 2026, y planteó que el tribunal había errado al no ordenar la consolidación de los dos casos de la Sala Superior de Mayagüez con el caso civil de la Sala Superior de Ponce.

Examinada la solicitud de la parte peticionaria, acordamos **expedir el auto y revocar parcialmente** el dictamen del foro primario, y ordenar la consolidación de los tres casos pendientes ante el Tribunal de Primera Instancia.

I

Los hechos que dan base al presente recurso se remontan al 5 de diciembre de 2024, cuando José Enrique Martínez Rivera (Martínez Rivera) perdió el control del vehículo de motor Ford Mustang, del año 2023, y con número de tablilla KIK-472, e impactó un árbol. A causa de dicho impacto, los tres pasajeros José Rivera Rivera, Josué Rodríguez Arroyo y Eddie Caraballo Hernández fallecieron.

Estos hechos provocaron la presentación de tres casos civiles ante salas distintas del Tribunal de Primera Instancia.

El primer pleito, civil núm. MZ2025CV00192, se instó el 31 de enero de 2025, cuando los familiares del fallecido José Rivera Rivera presentaron una *Demanda* sobre daños y perjuicios contra Martínez Rivera, sus padres— Judibelle Rivera de Jesús y José Martínez Campos—, MIC y 4 Point Insurance, CSP. En síntesis, alegaron que, al momento de los hechos, existía una póliza de seguro con número MPP 0429002 02, a nombre de Judibelle Rivera de Jesús y José Martínez Campos, la cual aseguraba el vehículo accidentado. Además, que el titular registral de dicho vehículo era Martínez Rivera, por lo cual la póliza de seguro cubría su responsabilidad civil. Así, reclamaron una indemnización por los daños y

perjuicios sufridos, al amparo del Art. 1536 del Código Civil de Puerto Rico. 31 LPRA sec. 10801.

El segundo pleito, civil núm. MZ2025CV02017, se instó el 3 de diciembre de 2025, cuando los familiares de Josué Rodríguez Arroyo presentaron su *Demanda* sobre daños y perjuicios contra Martínez Rivera y MIC. Similarmente, alegaron que la citada póliza de seguro respondía por los daños y perjuicios sufridos. También, imputaron responsabilidad a MIC por expedir dicha póliza con pleno conocimiento de que Martínez Rivera era el titular registral y conductor principal del vehículo asegurado.

Por último, el 8 de diciembre de 2025, los señores Martínez Campos, Rivera de Jesús y su hijo, Martínez Rivera, presentaron una *Demanda* sobre incumplimiento contractual y daños y perjuicios, civil núm. PO2025CV03496, contra MIC, 4 Point Insurance, CSP, y Juan Torres, promotor de seguros. En ella, imputaron responsabilidad profesional a 4 Point Insurance por entender que esta gestionó la póliza de seguro de manera negligente y sin ofrecer las debidas advertencias y explicaciones sobre exclusiones de la cubierta. En cuanto a MIC, alegaron que la aseguradora denegó su reclamación "de manera precipitada e injustificada" y que esta actuó de manera desleal e incumplió con sus deberes contractuales. Solicitaron que se les indemnizara por concepto de los daños a la propiedad, daños personales y angustias mentales.

MIC presentó sus *Contestaciones a demanda* en cada uno de los pleitos, negó la mayoría de las alegaciones en su contra y opuso como defensa la existencia de un *Endoso de Exclusión de Menores*, el cual limitaba su responsabilidad respecto al vehículo asegurado cuando quien fuera el conductor tuviese menos de 25 años.

Luego de varios trámites procesales, y en lo pertinente a la controversia ante nuestra consideración, el 11 de febrero de 2026, MIC presentó una *Moción sobre consolidación de pleitos*. Mediante dicha moción, informó sobre las demandas presentadas y sostuvo que las reclamaciones surgieron del mismo accidente de tránsito. En atención a

ello, y por entender que las acciones presentaban cuestiones comunes de hecho y de derecho, solicitó al Tribunal de Primera Instancia, Sala Superior de Mayagüez, que consolidara los casos civil núm. MZ2025CV02017 y PO2025CV03496, con el MZ2025CV00192, por ser este último el más antiguo.

El Tribunal de Primera Instancia emitió y notificó su *Orden de Consolidación* el 6 de marzo de 2026, y ordenó que se consolidaran los dos casos pendientes ante la Sala Superior de Mayagüez, mas no el de Ponce, por entender que no versaba sobre la misma controversia. Es de esta determinación del Tribunal de Primera Instancia que MIC recurre.

El 20 de mayo de 2026, este Tribunal emitió y notificó una *Resolución* en la cual concedimos un término de 10 días a la parte recurrida para mostrar causa y exponer las razones por las cuales no debíamos expedir el auto de *certiorari* y revocar parcialmente la *Orden* recurrida.

Expirado el término concedido sin que la parte recurrida compareciera, resolvemos.

II

A

La *Ley de la Judicatura*, Ley Núm. 201-2003, según enmendada, dispone en su Art. 4.006(b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y(b).

Así, el auto de *certiorari* constituye el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Este recurso procede para revisar errores de derecho en lo procesal y en lo sustantivo. *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Ahora bien, distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por

tratarse ordinariamente de asuntos interlocutorios. *Negrón v. Secretario de Justicia*, 154 DPR 79, 91 (2001).

Como foro apelativo nos corresponde evaluar la corrección y razonabilidad de la decisión recurrida y la etapa del procedimiento en que se produce, para determinar si es el momento apropiado para nuestra intervención. Al analizar la procedencia de un recurso de *certiorari*, debemos tener presente su carácter discrecional, que debe ser ejercido con cautela y solamente por razones de peso. *Íd.* Véase, además, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 91 (2008).

De otra parte, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier

norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR, a la pág. 97.

B

Es harto conocido que las Reglas de Procedimiento Civil han de interpretarse "de modo que faciliten el acceso a los tribunales y el manejo del proceso", y con el fin de garantizar una solución justa, rápida y económica en todo procedimiento. 32 LPRA Ap. V, R. 1. Cónsono con este principio rector, las Reglas proveen varios mecanismos que facilitan la economía procesal y promueven el acceso a la justicia.

La Regla 38.1 de Procedimiento Civil, en particular, rige lo concerniente al mecanismo de la consolidación y dispone que:

> Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.

32 LPRA Ap. V, R. 38.1.

Del texto de la regla surgen dos requisitos para la consolidación, a saber: (1) que los casos presenten cuestiones comunes de hechos o de derecho; y (2) que estén pendientes ante el tribunal. *Vives Vázquez v. ELA*, 142 DPR 117, 126 (1996). No obstante, la regla no requiere que las cuestiones de hecho y de derecho sean idénticas. *Íd.*, a la pág. 127. Véase, además, *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 415 (2009). Tampoco es necesario que exista identidad perfecta entre las partes de los casos a consolidar. *Hosp. San Fco., Inc. v. Sria. de Salud*, 144 DPR 586, 593 (1997).

La finalidad de la consolidación, según el Tribunal Supremo de Puerto Rico, es "evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan fallos

incompatibles relacionados con un mismo incidente". *Vives Vázquez v. ELA*, 142 DPR, a la pág. 125; *Granados v. Rodríguez Estrada II*, 124 DPR 593, 608 (1989). Consecuentemente, la consolidación permite:

> [U]n mayor control de la litigación, reduce los costos del pleito, permite la mejor utilización de los testigos periciales, causa menos molestias a las partes y a sus testigos, y evita el derroche de recursos humanos y económicos en nuestro sistema de administración de la justicia.

J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2011, a la pág. 1129.

Sin embargo, la determinación de consolidación descansa en la sana discreción del tribunal. *Vives Vázquez v. ELA*, 142 DPR, a la pág. 139. Así, esta determinación "merecerá gran deferencia por parte del tribunal que la revise". Cuevas Segarra, *Tratado de Derecho Procesal Civil*, a la pág. 1129. A tales efectos, una orden de consolidación solo será modificada "cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción". *Hosp. San Fco., Inc. v. Sria. de Salud*, 144 DPR, a la pág. 594; *Vives Vázquez v. ELA*, 142 DPR, a la pág. 142.

III

La Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, nos autoriza explícitamente a intervenir en este asunto. Además, nuestra Regla 40 nos impone la obligación de intervenir en esta controversia, pues entendemos que, en este caso en particular: (1) la etapa del procedimiento en que se presenta el asunto es la más propicia para su consideración; (2) la expedición del auto no causa un fraccionamiento indebido del pleito o una dilación indeseable en la solución final del litigio; y (3) la expedición del auto evita un fracaso de la justicia.

Conforme discutido, MIC solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala de Mayagüez, mediante la cual esta denegó su solicitud de consolidar el caso civil núm. PO2025CV03496 con los del título por considerar que no trataban sobre la misma causa de acción. En síntesis, aduce que erró el foro *a quo*, toda vez que no es correcto sostener que el caso civil núm. PO2025CV03496 es de carácter

contractual únicamente. Arguye, también, que el mecanismo de la consolidación no requiere identidad matemática entre la totalidad de las cuestiones de hecho y de derecho.

Luego de examinar el expediente y los hechos del caso, a tenor con el Derecho previamente esbozado, concluimos que el tribunal recurrido incidió al denegar la solicitud de consolidación que presentase MIC. A la luz de los planteamientos esbozados y de la naturaleza de los casos cuya consolidación se solicita, resulta forzoso concluir que la consolidación total de los pleitos pendientes ante el Tribunal de Primera Instancia era el proceder más apropiado en esta etapa.

Un examen minucioso de las alegaciones, según se desprenden del recurso del título y de las demandas incoadas contra MIC, permite concluir que existen razones suficientes para consolidar los tres casos. Independientemente de las súplicas particulares de cada demanda, la responsabilidad a la que pueda estar sujeta MIC depende casi exclusivamente de la misma controversia; a saber, si existía cubierta bajo la póliza de seguro MPP 0429006 02 o, por el contrario, aplicaba una exclusión en virtud del *Endoso de Exclusión de Menores*. Es decir, la determinación que en su momento haga el foro primario sobre la existencia de la cubierta que emitió MIC incidirá directamente sobre el manejo y eventual resolución de los casos ya consolidados en la Sala Superior de Mayagüez.

Por otra parte, y en cuanto a los procedimientos del caso ante la Sala Superior de Ponce, notamos que es el momento idóneo para consolidar, puesto que aún se encuentra en una etapa temprana del descubrimiento de prueba. Esto, en aras de evitar la dilación innecesaria de los procedimientos. Cuanto más, agruparía a todas las partes necesarias para dilucidar la controversia relativa a la cubierta de la póliza de seguro, y la responsabilidad de MIC, ante el mismo juzgador primario.

Reiteramos que el propósito de la consolidación es lograr la economía procesal, evitar la proliferación de acciones innecesarias y evitar

la posibilidad de que surjan fallos incompatibles relacionados a un mismo incidente. En ese sentido, resulta oportuno enfatizar que no consolidar el caso ante la Sala de Ponce entorpecería los procedimientos en los casos ante la Sala de Mayagüez, pues resultaría no solo en una duplicidad de procedimientos, sino que abriría la puerta a fallos encontrados o dispares, hasta tanto no se determine el tema de la cubierta de la póliza de seguro.

IV

Por las razones antes expuestas, expedimos el auto de *certiorari* y revocamos la parte del dictamen recurrido que denegó la solicitud de consolidación de MIC. En su consecuencia, ordenamos la consolidación del caso civil núm. PO2025CV03496 con los del título.

Cónsono con lo anterior, devolvemos el caso al Tribunal de Primera Instancia, Sala Superior de Mayagüez, para que continúe con los procesos pertinentes al tenor de lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones